**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC ACUNA, a minor, by and through his guardian ad litem, ADRIANA ACUNA, LEOBARDO ACUNA, and ADRIANA ACUNA, individually<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, d/b/a KERN MEDICAL CENTER; CLINICA SIERRA VISTA, a California corporation; CHIBUIKE ENYEREIBE ANUCHA, M.D., KAREN E. BERK, R.N. and DOES 1 - 250, inclusive,<br><br>Defendants. | CV F 10-1305   AWI JLT<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND CLOSING CASE**<br><br>Document # 5 |

In this action for medical malpractice, a previously-filed case, Case Number 10cv0734, that arose from the same transactions and involved the same parties was dismissed as to defendants Clinica Sierra Vista and as to the named individual defendants on the ground that Plaintiffs had failed to exhaust administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2679. The court remanded the case to the Superior Court of Kern County for further proceedings with regard to the county Defendant. Defendants allege that prior to the remand, Dr. Luis Felipe Lopez, M.D. ("Dr. Lopez") was added as a "Doe" defendant in the state action. Apparently, following the addition of Dr. Lopez as a defendant, the state action was again removed to this court as the instant case number 10cv1305.

In the instant motion, Defendants move to substitute United States as the proper party defendant in place of Dr. Lopez, and to dismiss the action again for failure to exhaust administrative remedies.  Plaintiffs have filed a notice of non-opposition to Defendants' motion for dismissal of Dr. Lopez.  In their statement of non-opposition, Plaintiffs admit that their administrative remedies have not been exhausted as to Clinica Sierra Vista or as to any of the named Defendants, including Dr. Lopez.

Plaintiffs do not dispute that, where there is an action for malpractice involving a federally-funded healthcare entity or its employees, section 233(a) of Title 42 of the United States Code provides that the employee or federally-funded healthcare entity may only be sued under the terms of the Federal Tort Claims Act ("FTCA").   There is also no dispute that district courts lack subject matter jurisdiction where, as here, an administrative claim pursuant to the FTCA has not been filed and the administrative claim process exhausted.  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2001).  Likewise, it is not disputed that:

> The FTCA permits suits against the United States for injuries caused within a government employee's scope of employment.  See 28 U.S.C. § 1346(b)(1).  The Westfall Act amended the FTCA to provide that if the Attorney General certifies that a federal government employee was acting within the scope of employment when the tort occurred, then the United States shall be substituted as the defendant in a tort suit against the employee.  28 U.S.C. § 2679(d).  Upon certification, the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort 28 U.S.C. § 2679(b)(1).

Kashin v. Kent, 457 F.3d 1033, 1036-1037 (9th Cir. 2006).

In their notice of non-opposition, Plaintiffs have expressed their intention to exhaust their administrative remedies and then to re-file the action in this court to add tort claims against the United States as proper party Defendant for Clinica Sierra Vista and the individual Defendants.  Normally the court, having concluded that it lacks subject matter jurisdiction over the federal claims pursuant to the Federal Tort Claims Act, would remand the action to state court for resolution of Plaintiff's claims against the County of Kern.  Both parties represent, however, that the action against the County Defendant is ongoing in the

state court.  While this court admits to some puzzlement as to how the state case S-1500 cv 268783 - SPC has been removed from the state court in this action and yet is ongoing in the state court, the court takes the parties at their respective words and finds that remand is not necessary because a case accommodating Plaintiffs' claims against the County Defendant (or Defendants) is ongoing in the state court.

Because the court lacks subject matter jurisdiction over Plaintiffs' state law claims against County of Kern or Kern Medical Center once the claims against the federal defendants are dismissed, the court must dismiss the instant case in its entirety.  While the court recognizes it could dismiss the entirety of this action with leave to amend, for administrative reasons it is preferable that the court dismiss this action and close this case.  At such time as plaintiffs may wish to re-file their action in this court, they are directed to file a new action under a new case number.  Also, relying on Plaintiffs' representation of their intent to re-allege their now-dismissed federal claims against the proper party defendant, United States, following exhaustion of administrative remedies; the court finds that substitution of United States into the instant action is not warranted.

THEREFORE, in accord with the foregoing, it is hereby ORDERED that Defendants' motion to dismiss the complaint as to Dr. Lopez is hereby GRANTED.  The complaint is hereby DISMISSED in its entirety.  The Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:     August 25, 2010                              _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE